USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: MAR 2 0 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
MONT BLANC TRADING LTD.,

      Petitioner,

  -v-

ZAHID ALI KHAN and Z2 GROUP FZCO,

      Respondents.
-------------------------------------------------------------- X

13 Civ. 700 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

  In 2012, the London Court of International Arbitration rendered an award in favor of Petitioner Mont Blanc Trading Ltd. ("Mont Blanc") against Respondents Zahid Ali Khan and Z2 Group FZCO ("Z2") for breach of contract. Mont Blanc won an order confirming the award from the Commercial Court, Queen's Bench Division, of the English High Court of Justice. On January 31, 2013, Mont Blanc filed a petition in this Court seeking recognition of the English judgment. Respondents never noticed an appearance, and the Court issued an order to show cause why a default judgment should not be entered against Khan.[1] Dkt. No. 17. In response, Khan filed a special appearance to contest personal jurisdiction, and the Court requested briefing from the parties regarding both personal jurisdiction and subject matter jurisdiction. Dkt. No. 20. For the following reasons, the Court concludes that it does not have subject matter jurisdiction over this action, so Mont Blanc's petition must be dismissed.

  When a foreign court confirms an arbitration award and the winning party petitions to have that judgment enforced in the United States, the resulting action involves the enforcement

---

[1] Mont Blanc did not seek a default judgment against Z2.

1

of the foreign court's judgment, not the enforcement of the underlying arbitration award. *See Victrix S.S. Co. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 713 n.2 (2d Cir. 1987); *Ocean Warehousing B.V. v. Baron Metals & Alloys, Inc.*, 157 F. Supp. 2d 245, 249 (S.D.N.Y. 2001). Consistent with this principle, Mont Blanc's petition is styled as a "Petition for Recognition and Enforcement of a Foreign Judgment," Dkt. No. 1, and Mont Blanc never urges the Court to look to the law governing the enforcement of arbitration awards. Thus, the law applicable to foreign court judgments provides the proper framework for analysis.

The federal statute governing actions to enforce foreign arbitration awards—which creates federal jurisdiction over those actions, *see* 9 U.S.C. § 203—has no federal counterpart applicable to actions to enforce foreign court judgments. Instead, the enforceability of foreign court judgments is a matter of state law—in this case, Article 53 of New York's Civil Practice Law and Rules.[2] *V. Corp. Ltd. v. Redi Corp. (USA)*, No. 04 Civ. 1683 (MBM), 2004 WL 2290491, at *2 (S.D.N.Y. Oct. 9, 2004); *S.C. Chimexim S.A. v. Velco Enters. Ltd.*, 36 F. Supp. 2d 206, 211 (S.D.N.Y. 1999); *Canadian Imperial Bank of Commerce v. Saxony Carpet Co., Inc.*, 899 F. Supp. 1248, 1252 (S.D.N.Y. 1995). Mont Blanc contends that Article 53 is the source not only of the substantive law governing the enforceability of the English judgment against Khan,

---

[2] Conceptually, which law applies to the enforceability of foreign court judgments turns in part on whether the court is exercising diversity or federal question jurisdiction. The Second Circuit has applied state law in both kinds of cases, *see Sarl Louis Feraud Int'l v. Viewfinder, Inc.*, 489 F.3d 474, 477–78 (2d Cir. 2007) (diversity); *Seetransport Wiking Trader Schiffahrtsgesellschaft MBH & Co. v. Navimpex Centrala Navala*, 989 F.2d 572, 582 (2d Cir. 1993) (federal question), presumably because in the absence of a federal statute, state law supplies the default rule of decision absent a significant conflict with federal interests, *see O'Melveny & Myers v. FDIC*, 512 U.S. 79, 87 (1994). The Court need not explore these issues further because Mont Blanc itself relies on Article 53 and does not cite any conflict necessitating the application of federal common law, and as explained in the text, there is no independent basis for federal question jurisdiction. *See Empire HealthChoice Assur., Inc. v. McVeigh*, 396 F.3d 136, 140–41 (2d Cir. 2005) (Sotomayor, J.) (dismissing contract claim for lack of subject matter jurisdiction after holding that state law supplied rule of decision); *Bergen Indus. & Fishing Corp. v. Joint Stock Holding Co.*, No. 01 Civ. 1994, 2002 WL 1587179, at *2 (W.D. Wash. Feb. 25, 2002) (finding no subject matter jurisdiction over action to enforce foreign court judgment where plaintiffs relied on state law and thus "are not asserting a federal claim").

*see, e.g.*, *V. Corp.*, 2004 WL 2290491, at *3–5 (holding that an order from the Queen's Bench Division confirming an arbitration award was enforceable under Article 53), but also of this Court's subject matter jurisdiction over its petition. Pet. Br. at 3; Pet. ¶ 5. This latter argument cannot be correct.

Federal courts are courts of limited jurisdiction, and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal question jurisdiction extends to cases "arising under the Constitution, laws, or treaties *of the United States*." 28 U.S.C. § 1331 (emphasis added). Therefore, Mont Blanc cannot point to a New York statute as the basis for the Court's jurisdiction. Nor does the parties' contractual dispute raise a "stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 314 (2005). Accordingly, the Court does not have federal question jurisdiction over Mont Blanc's petition.

Federal courts also have jurisdiction over cases between "citizens of a State and citizens or subjects of a foreign state," and those between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(2), (3); *see, e.g.*, *British Midland Airways Ltd. v. Int'l Travel, Inc.*, 497 F.2d 869, 871 n.2 (9th Cir. 1974) (exercising diversity jurisdiction over action to enforce English judgment); *Somportex Ltd. v. Phila. Chewing Gum Corp.*, 453 F.2d 435, 440 (3d Cir. 1971) (same). But Mont Blanc is a Mauritius company organized under Mauritius law, Khan is a Pakistani national who lives in the United Arab Emirates, and Z2 is a U.A.E. company organized under U.A.E law. Pet. ¶¶ 2–4. Diversity jurisdiction does not extend to cases in which only aliens are parties. *See Universal*

*Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 580–81 (2d Cir. 2002); *Khan v. State Bank of India*, No. 01 Civ. 1305 (SAS), 2001 WL 1463783, at *2 (S.D.N.Y. Nov. 15, 2001). As a result, the Court also lacks diversity jurisdiction over Mont Blanc's petition.

The Court is, frankly, baffled by Mont Blanc's assertion that whether the Court has diversity or federal question jurisdiction is not "relevant."[3] Pet. Reply at 1. Mont Blanc cites no basis for jurisdiction other than New York's Article 53, which, as noted above, is not sufficient. It does not point to a federal statute or treaty that might provide jurisdiction. And outside narrow contexts such as suits to enforce admiralty judgments, *see Victrix*, 825 F.2d at 713; *Int'l Sea Food Ltd. v. M/V Campeche*, 566 F.2d 482, 484–85 (5th Cir. 1978), the Court's inherent power to enforce foreign court judgments on comity grounds, *see Hilton v. Guyot*, 159 U.S. 113, 202–03 (1895), "does not create subject matter jurisdiction, and, like the other powers of the federal courts, cannot be exercised in its absence." *D'Amico Dry Ltd. v. Primera Maritime (Hellas) Ltd.*, No. 09 Civ. 7840 (JGK), 2011 WL 3273208, at *4 (S.D.N.Y. Aug. 1, 2011) (dismissing action by foreign company to enforce English judgment against another foreign company for lack of subject matter jurisdiction); *accord Taveras v. Taveraz*, 477 F.3d 767, 783 (6th Cir. 2007) ("As courts of limited jurisdiction, federal courts are obligated to consider whether a judgment of a foreign court should be afforded comity only when the federal court already has jurisdiction."); *Bergen Indus. & Fishing Corp. v. Joint Stock Holding Co.*, No. 01 Civ. 1994, 2002 WL 1587179, at *1–2 (W.D. Wash. Feb 25, 2002) (dismissing action by Russian company seeking to

---

[3] Judging from its briefing, Mont Blanc appears to misunderstand the concerns that motivated the Court to seek submissions from the parties concerning subject matter jurisdiction. Its briefing explains why the English court had subject matter jurisdiction over the action to confirm the arbitration award—a prerequisite, under Article 53, for the enforceability of that court's judgment. Pet. Br. at 4. But that issue is not relevant to whether *this federal court* has subject matter jurisdiction over *this action*.

4

enforce English judgment against another Russian company). In short, the Court must have some source of jurisdiction before it can adjudicate this case, and none has appeared.

"[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). Because Mont Blanc has not provided a basis on which the Court might exercise subject matter jurisdiction and the Court has not uncovered one, Mont Blanc's petition must be dismissed. Therefore, the Court does not reach the parties' arguments regarding personal jurisdiction. The Clerk of Court is requested to terminate this case.

SO ORDERED.

Dated: March ___, 2014
New York, New York

_____
ALISON J. NATHAN
United States District Judge